# REESE LLP

**Via ECF**　　　　　　　　　　　　　　　　　　　　　　　June 1, 2023　MEMO ENDORSED

District Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

　　　　Re:　*Koonce v. Sazerac Co., Inc.*
　　　　　　　Case No. 7:23-cv-04323

Dear Judge Karas:

　　This firm, along with co-counsel, represents Plaintiff Cindy Koonce ("Plaintiff"). Pursuant to Your Honor's Individual Rules of Practice II. A., Plaintiff seeks a pre-motion conference to file a motion to consolidate this action with *Pizarro v. Sazerac Company, Inc.*, No. 7:23-cv-02751, filed on April 2, 2023, and assigned to Your Honor, under Fed. R. Civ. P. 42.

　　On May 24, 2023, Plaintiff filed her Complaint against Sazerac Company, Inc. ("Defendant"). She alleged Defendant's labeling and marketing of its "Parrot Bay Malt Beverage" Product (the "Malt") was misleading because it was represented to be a rum product (*i.e.*, Parrot Bay rum), when in fact it was not a rum product but rather a malt beverage with a lower Alcohol By Volume ("ABV"). Compl. ¶¶ 4-9.

　　Rule 42(a) states where, as here, actions before the court involve common questions of law or fact, "[t]he Court may . . . (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Fourth)* § 11.631 ("Federal Rule of Civil Procedure 42(a) authorizes the judge to consolidate, for trial or pretrial, actions pending in the same court involving common questions of law or fact if it will avoid unnecessary cost or delay.").

　　Courts examine several factors to determine if "expedition and economy" are served, including: "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues [and] the burden on parties, witnesses and available judicial resources." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). These standards are mirrored in Rule 13(a)(1) of the Rules for the Division of Business Among District Judges – Southern District of New York.

　　First, Rule 42(a)'s threshold requirement is met because *Koonce* and *Pizarro* "involve [] common question[s] of law or fact" and assert New York General Business Law ("GBL") claims against Sazerac for marketing and selling their Parrot Bay and Fireball malt products in a way that is similar to those versions containing higher alcohol content. *See Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 20-cv-6319, 2021 WL 168492, at *2 (S.D.N.Y. Jan. 4, 2021) (common questions of fact and law existed where both cases involved the same event, actions of the same defendant and the defendant's liability for the same).

---

100 West 93rd Street　•　Sixteenth Floor　•　New York, New York 10025

www.reesellp.com　•　Telephone: (212) 643-0500　•　Facsimile: (212) 253-4272

Hon. Kenneth M. Karas
June 1, 2023
Page 2 of 2

*Koonce* and *Pizarro* arise from Defendant's allegedly misleading labeling and marketing of what the Complaint described as its "Pseudo-Liquors." *Koonce Compl.* ¶ 21. While Plaintiff Koonce seeks only to represent a class of New York purchasers of Defendant's Parrot Bay "Malt," Plaintiff Pizarro seeks the same for its "Fireball Cinnamon" malt beverage. *Koonce Complaint* ¶ 49 and *Pizarro Complaint* ¶ 72.

The Complaint in *Koonce* places the sale of the Parrot Bay Malt in the greater context of Defendant's sale of its flagship product, Fireball Cinnamon Whisky, the focus of *Pizarro*, and its similarly labeled malt alternative. *Koonce Complaint* ¶ 22.

Second, each case is in the initial stages, as no appearance by any counsel for Defendant has been filed. Thus, there is no risk that consolidation may result in prejudice or inconsistent rulings. *Glavan v. Revolution Lighting Techs., Inc.*, 2019 WL 3406582, at *2 (S.D.N.Y. July 29, 2019) (consolidating cases with identical claims where not doing so "would raise the risk of inconsistent outcomes").

Third, the burden on the parties, witnesses, and judicial resources would be increased if *Koonce* and *Pizarro* were not consolidated, such as duplicative discovery, motion practice, settlement negotiations, and trial. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (consolidating cases with overlapping questions of law and fact to prevent "needless expenditure of judicial resources").

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff Koonce to file a motion for consolidation under Rule 42(a) with *Pizarro* and/or treat this letter as a motion for consolidation.

No previous motion seeking similar relief has previously been filed. This motion is not made on consent because no attorney for Defendant has appeared in *Koonce* or *Pizarro*. This request impacts no deadlines. Thank you.

Plaintiff may file the Motion to
Consolidate by 6/15/23.

So Ordered.

*/s/ signature/*
6/1/23

Respectfully submitted,

*/s/ Michael R. Reese/*

Michael R. Reese

Cc:   All counsel of record, via CM/ECF