UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON PIZZARO, individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC.,<br><br>    Defendant. | Case No. 7:23-cv-02751-KMK |
| CINDY KOONCE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC.,<br><br>    Defendant. | Case No. 7:23-cv-04323-UA |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CONSOLIDATION**

Plaintiffs Sharon Pizzaro, and Cindy Koonce ("Plaintiffs") move for an order under Federal Rule of Civil Procedure 42(a) consolidating *Pizzaro v. Sazerac Company, Inc.*, Case No. 7:23-cv-02751-KMK, and *Koonce v. Sazerac Company, Inc.*, Case No. 7:23-cv-02751-UA, (together, the "Actions"). The *Pizarro* action is pending before this Court, and the *Koonce* action has been referred to the same judge but has been filed in the Southern District of New York; they should together be consolidated under the *Pizzaro* case. The Actions involve claims regarding Defendant Sazerac Company, Inc.'s ("Defendant") manufacturing, distribution, and sale of certain "Malt Beverage" products under the Fireball and Parrot Bay brands (the "Products") that are

misleadingly advertised to appear to contain alcohol or true spirits when in fact they contain significantly less alcohol by volume ("ABV") and do not contain any actual whiskey (in the case of Fireball) or rum (in the case of Parrot Bay). Consolidating the Actions cases will streamline the litigation and allow all the cases to be litigated together before the same judge.

## RELEVANT BACKGROUND

Defendant is a company that manufactures, markets, distributes, and sells spirits, including numerous well-known liquor brands. These include familiar brands such as Southern Comfort whiskey, Fireball whiskey, Wheatley vodka, Romana Sambuca, and Parrot Bay Rum. In recent years, Defendant has produced apparent "miniature" versions of the familiar brands (often called "mini" or "nip" bottles), that share the brands' logos, font size, font type, and principal colors and designs without substantial modification or disclaimer.

Many of these "minis" are not true "miniatures" at all, but are in fact a different, "malt" beverage altogether. The "malt" beverages are not true variants of the parent brand: they contain less ABV and different ingredients. As illustrative examples, Fireball Cinnamon Whisky is true whiskey and 33% ABV; however, the Fireball "Cinnamon" (its malt doppelganger produced by Defendant) is merely flavored to taste like cinnamon whiskey and in fact is only 16.5% ABV. Similarly, Parrot Bay Rum is true rum with an ABV of 21%, while the Parrot Bay "Malt" is not rum at all, contains no rum, and is only 16.5% ABV. The problem is not in the Products themselves, but in fact how Defendant markets them. In using the same logos, font size, font type, and principal colors and designs without substantial modification or disclaimer, on a "mini" bottle size, Defendant aims to mislead the consumer into believing the "Malt" beverage is its true-spirit equivalent. Indeed, Plaintiff Pizzaro purchased Fireball Malt products, and Plaintiff Koonce purchased a Parrot Bay Malt, each Plaintiff believing them to be "mini" versions of true spirits. They, and the Classes they seek to represent, have been misled by Defendant's false advertising

into purchasing a product that they would not have purchased (or paid less for) had they known the truth. At least one court has already recognized that Defendant's labels are deceptive to the reasonable consumer: "[t]hus, while the labels do indeed accurately state that Fireball Malt has an ABV of 16.5% and Fireball Whisky has an ABV of 33%, a reasonable consumer would still be confused or misled by the labels when making the purchase." Order Denying Defendant's Motion to Dismiss, and Granting Defendant's Request for Judicial Notice, *McKay v. Sazerac Company, Inc.*, No. 23-522, ECF. No. 28, p. 13 (N.D. Cal., May 17, 2023).

Plaintiffs' Counsel have self-organized and seek consolidation to streamline the litigation.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Pursuant to Fed. R. Civ. P. 42(a), the Actions should be consolidated because they involve common questions of law and fact. "An invaluable and economizing tool of judicial administration, Rule 42 should be liberally employed to expedite trial and eliminate unnecessary repetition and confusion." *Szymczak v. Nissan N. Am., Inc*., 2012 U.S. Dist. LEXIS 78285, at *5 (S.D.N.Y. May 15, 2012) (internal quotations omitted). This Court has broad discretion to consolidate cases within this district under this rule. *See Johnson v. Celotex Corp*., 899 F.2d 1281, 1285 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). As such, "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." *Devlin v. Transportation Commc'ns. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999), *quoting Miller v. United States Postal Serv*., 729 F.2d 1033 (5th Cir. 1984). Courts have recognized that class actions are particularly well-suited for consolidation because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact

parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005). Consolidation also reduces the confusion and delay resulting from prosecuting related class actions separately. *Id*.

In exercising its discretion, the Court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1285.

Here, consolidation is appropriate because there are overlapping putative classes with nearly identical claims for relief. As such, there is no risk of prejudice or confusion as one consolidated complaint can be filed on behalf of the class. Courts within the Second Circuit routinely consolidate cases involving overlapping classes and claims for relief. *See, e.g., Delre v. Perry*, 288 F.R.D. 241, 246-47 (E.D.N.Y. 2012) ("The Plaintiffs both bring class action lawsuits on behalf of the same class and raise almost identical claims against the same Defendant. Moreover, both cases involve the same set of facts with respect to the development, marketing and sale of the Sinus Buster Products and allege that the Defendants made a series of false and misleading claims that were material and important to a consumer's purchasing decision. As such, as these cases involve almost identical questions of law and fact as well as almost identical parties, it appears that consolidation will economize both judicial resources and the resources of the parties."); *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, 2013 WL 3816597, at *9 (E.D.N.Y. July 22, 2013) (granting consolidation where the "Plaintiffs br[ought] class action

4

lawsuits on behalf of similar classes and raise almost identical claims against the same Defendants").

Given the clear factual and legal overlap between the Actions, the conservation of judicial resources by consolidating the cases, and the lack of prejudice to any party, the Actions should be consolidated before this Court under the *Pizzaro* case.

## **CONCLUSION**

For all these reasons, Plaintiffs respectfully request that this Court consolidate the Actions before this Court under the *Pizzaro* action pursuant to Fed. R. Civ. P. 42(a).

Dated: June 7, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Charles D. Moore*
　　　　　　　　　　　　　　　　　　Charles D. Moore
　　　　　　　　　　　　　　　　　　**REESE LLP**
　　　　　　　　　　　　　　　　　　121 N. Washington Ave., 4th Floor
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　　T: (212) 643-0500
　　　　　　　　　　　　　　　　　　cmoore@reesellp.com

　　　　　　　　　　　　　　　　　　**REESE LLP**
　　　　　　　　　　　　　　　　　　Michael R. Reese
　　　　　　　　　　　　　　　　　　100 West 93rd Street, 16th Floor
　　　　　　　　　　　　　　　　　　New York, NY 10025
　　　　　　　　　　　　　　　　　　T: (212) 643-0500
　　　　　　　　　　　　　　　　　　mreese@reesellp.com

　　　　　　　　　　　　　　　　　　**LAUKAITIS LAW LLC**
　　　　　　　　　　　　　　　　　　Kevin Laukaitis*
　　　　　　　　　　　　　　　　　　954 Avenida Ponce De Leon
　　　　　　　　　　　　　　　　　　Suite 205, #10158
　　　　　　　　　　　　　　　　　　San Juan, PR 00907
　　　　　　　　　　　　　　　　　　T: (215) 789-4462
　　　　　　　　　　　　　　　　　　klaukaitis@laukaitislaw.com

*Counsel for Plaintiff Cindy Koonce*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
(516) 268-7080
spencer@spencersheehan.com

*Counsel for Plaintiff Sharon Pizzaro*

\**Pro Hac Vice* Application Forthcoming