# REESE LLP

Via CM/ECF                                                    February 14, 2025

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, New York 10601

**MEMO ENDORSED**

Granted.

SO ORDERED.

2/18/2025

Re:   *Koonce v. Sazerac Company, Inc.*, No. 7:23-cv-4323-KMK

Dear Judge Karas,

    As set forth below, Plaintiff Koonce ("Plaintiff") respectfully requests that certain Exhibits ancillary to her Motion for Class Certification be filed under seal.

    Pursuant to Your Honor's Individual Rules of Practice IX.A.ii, Plaintiff requests she be allowed to redact the highlighted portions of, and file under seal, portions of Plaintiff's Motion for Class Certification as well as exhibits attached to the Declaration of Charles Moore in support thereof.

    As the Court is no doubt aware, a similar action against Defendant Sazerac Company, Inc. ("Sazerac") for its Southern Comfort Malt products is currently pending before Judge Arun Subramanian. *See Del Rosario v. Sazerac Company, Inc.*, 1:23-cv-1060 (AS) (S.D.N.Y.) ("Southern Comfort Action"). The plaintiffs in the Southern Comfort Action are represented by Plaintiff's Counsel in this action. As part of the Southern Comfort Action, Judge Subramanian entered a general protective order, a copy of which is attached as Exhibit A to this Letter Motion ("Protective Order"). To avoid duplication of effort, the parties agreed that discovery conducted in the Southern Comfort Action could be used in this action.

    All of these exhibits are the documents themselves or discuss the contents of the documents and were designated as "Confidential" under the Protective Order by Circana, Inc. ("Circana") or by Sazerac. Under the terms of the Protective Order, by so designating that material, Circana and Sazerac have represented that such material consists of:

> "(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court"

Case No. 1:23-cv-01060-AS, ECF No. 48, ¶ 2.

Letter Request to File Documents Under Seal
February 14, 2025
Page | 2

      Attached hereto as Exhibit B is Circana's letter detailing its position on its documents.

      Under the terms of the Protective Order, "[a]ll Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. *Id.* at ¶ 6.

      In light of Circana's or Sazerac's designation of the documents as "Confidential" under the Protective Order, good cause exists to permit Plaintiff to file these documents under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).

      For these reasons, Plaintiff respectfully requests that the Court permit her to file the above-referenced documents under seal.

      Respectfully submitted,

      */s/ Charles D. Moore*
      Charles D. Moore
      **REESE LLP**

cc:    All counsel of record, via CM/ECF

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA DE ROSARIO, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SAZERAC COMPANY, INC, <br><br> Defendant. | 23-CV-1060 (AS) <br><br> PROTECTIVE ORDER |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

1

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without

2

limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. stenographers engaged to transcribe depositions conducted in this action; and

    g. the Court and its support personnel.

3

6.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

8.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.  Each person who has access to Discovery Material that has been designated as

Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an _in camera_ review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*/s/ Charles D. Moore*  
Dated: October 18, 2023

*/s/ Creighton R. Magid*  
Dated: October 18, 2023

**SO ORDERED.**

_____  
ARUN SUBRAMANIAN, U.S.D.J.

Dated:    New York, New York  
                October 19, 2023

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA DE ROSARIO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC,<br><br>Defendant. | 23-CV-1060 (AS)<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____             _____

# EXHIBIT B

# Torshen, Slobig & Axel, Ltd.
Attorneys at Law
33 North Dearborn Street
Suite 1710
Chicago, Illinois 60602

Telephone 312-372-9282
rslobig@torshen.com

February 12, 2025

Charles D. Moore
Reese LLP
100 South 5th Street, Ste 1900
Minneapolis, MN 55402
cmoore@reesellp.com

   Re: del Rosario v. Sazerac Company Inc., No. 23-cv-1060 (S.D.N.Y.)
      Pizarro v. Sazerac Company Inc., No. 23-cv-02751 (S.D.N.Y.)
      Koonce v. Sazerac Company Inc., No. 23-cv-04323 (S.D.N.Y.)
      Zielinski v. Sazerac Company Inc., No. 23-cv-06216 (S.D.N.Y.)
      Confidentiality of Circana Data

Dear Mr. Moore:

  We represent Circana, LLC, a national and international market research firm, in the business of collecting, analyzing and marketing specialized data, particularly respecting retail and consumer markets. Circana's principal source of operating revenues is the fees it generates from the licensing of its data collections to customers, most of whom are businesses in the manufacturing and retailing of consumer products.

  Circana offers a broad range of products and services aimed at helping retailers and manufacturers improve their efficiency, serve their customers better and improve their profitability. These manufacturers and retailers use Circana's services to gauge product performance, distribution, promotion effectiveness, and price sensitivity. Circana utilizes the data to offer strategic recommendations on planning, space allocation, inventory levels, positioning, pricing and promotional activity. Circana's methods, formulae and databases are confidential and proprietary, and the company observes careful and exacting protocols to maintain the confidentiality of its data collections and methodologies.

  Circana makes substantial investments in order to obtain raw data from thousands of cooperating retailers and other sources. Then, at considerable expense, Circana cleanses, compiles and analyzes these data and projects reports and analyses for its clients. These reports are Circana's commercial product and stock-in-trade.

Charles D. Moore
February 12, 2025
Page Two

In September 2023, Circana was served with a Subpoena in a Civil Case calling for the production of documents showing the retail sales volume and prices for the products at issue in the case. The Subpoena was objectionable, but Circana offered Plaintiffs' counsel a proposal to retrieve and project certain data pertaining to sales of malt beverages, and to deliver a custom report to Plaintiffs' counsel as a paying customer. Plaintiffs' counsel agreed, and Circana delivered a report for which it charged Plaintiff's counsel $5000.00. Plaintiffs' counsel has requested additional data from Circana, updating the prior report, for which Circana is charging Plaintiffs' counsel $3800.00.

Plaintiffs' counsel has agreed to maintain the Circana data and reports as confidential and, when producing the data or reports to the parties in the litigation, to invoke the protective orders entered in the cases, so that the other parties will also maintain the Circana data as confidential. Circana routinely requires of its clients that they maintain Circana's data and reports licensed to them in confidence.

Circana's agreement with Plaintiffs' counsel permitted the use of the Circana data in the case, and included Plaintiffs' counsel's agreement not to publish or otherwise disclose the Circana Data without Circana's express prior written consent. Circana specifically reserved its right to license the same data in any form to other persons. If the parties to the litigation were allowed to publish Circana's confidential report and data, Circana would be irreparably harmed, both in the taking of its intellectual property without compensation and in the loss of the revenues Circana would normally receive for the production of the data on request to its paying clients. The same data reported to Plaintiffs' counsel are available from Circana to other paying clients. If the Circana data and analyses are not protected against public disclosure and instead become part of the public domain, Circana's potential loss would be the amount Plaintiffs' counsel agreed to pay multiplied by an indefinite number of lost sales opportunities.

A less restrictive alternative than sealing any court filing containing the Circana data would not be sufficient, because the parties to the case may need to establish the data in the record and to make it available to the court, in order to argue the conclusions the respective parties contend should be drawn from the data.

Because Circana's data and reports are "proprietary information," we think the parties should be entitled to redact such information from their public filings in the case, without the need for prior permission from the Court, under Paragraph 11(A) of the Individual Practices in Civil Cases of the Hon. Arun Subramanian, United States District Judge, and under section IX.A.ii of the Individual Practices in Civil Cases of the Hon. Kenneth M. Karas. To the extent that court permission is deemed necessary for the filing of Circana's data or analyses under seal, we respectfully provide this letter pursuant to Paragraph 11(C) (I) of Judge Subramanian's guidelines and in support of any motion Plaintiffs may file under section IX.A.ii of Judge Karas's rules, hereby explaining the need to do so.

Charles D. Moore
February 12, 2025
Page Three

    Thank you for your diligent attention to Circana's substantial interest in the confidentiality of its data and reports.

                            Sincerely,

                            Robert J. Slobig

RJS/