UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY KOONCE, *individually and on behalf of all others similarly situated, et al.*,

                      *Plaintiff,*

      v.

SAZERAC COMPANY, INC.,

                    *Defendant.*

No. 23-CV-4323 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

On June 21, 2025, Counsel for Cindy Koonce ("Plaintiff") moved to redact and seal certain "portions of Plaintiff's Reply Memorandum in Support of her Motion to Exclude Evidence," (*see* Letter from Charles D. Moore, Esq. to Court ("Pl.'s Letter") 1–2 (Dkt. No. 63)), as well as "certain Exhibits ancillary to her Reply Memorandum in Support of her Motion for Class Certification," (Letter from Charles D. Moore, Esq. to Court ("Pl.'s Second Letter") 1–2 (Dkt. No. 71).)  Neither request was opposed.  (*See generally* Dkt.)  For the reasons explained herein, Plaintiff's requests are denied without prejudice to renewal.

## I.  Discussion

### A.  Governing Law

Determining whether the public has a right of access to documents in a case, or whether those documents may instead remain under seal, is a multi-step process governed by constitutional as well as common law.  The public has a strong presumptive right of access to certain judicial documents, established by the First Amendment, as well as a weaker presumptive right to all judicial documents, established at common law.  *Newsday LLC v. Cnty. of Nassau*,

730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."); *see also United States v. Amodeo*, 71 F.3d 1044, 1047–49 (2d Cir. 1995) ("*Amodeo II*") (discussing and analyzing the presumption of access under common law).

In deciding whether the common law right applies, the Court evaluates whether the document is a "judicial document," that is, "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quotation marks and citation omitted); *see also United States v. Greenwood*, 145 F.4th 248, 254–55 (2d Cir. 2025) ("The common law right of public access turns on whether the document at issue is a judicial document, to which the common law presumption applies."). If so, the Court determines the weight of the presumption. *Amodeo II*, 71 F.3d at 1049 ("As one moves along the continuum, [determined by the role of the material in the exercise of Article III power and the value of such information to those monitoring the courts] the weight of the presumption declines."); *Bernstein*, 814 F.3d at 142–43 ("Once the court has determined that the documents are judicial documents . . . it must determine the weight of that presumption. The weight . . . is a function of (1) the role of the material . . . in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts[.]" (quotation marks and citation omitted)). It then balances competing considerations—for instance, the "danger of impairing law enforcement or judicial efficiency," or "the privacy interests of those resisting disclosure"—against the presumption. *Amodeo II*, 71 F.3d at 1050.

2

Under the First Amendment, the right of access applies to "certain judicial documents." *Greenwood*, 145 F.4th at 255. Courts follow two different approaches to determine whether the right applies to particular material. *Newsday*, 730 F.3d at 164 (identifying "two different approaches"). Under the "experience-and-logic" test, a court asks whether the documents "have historically been open to the press and general public," and whether "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks and citation omitted). In the alternative, a court may consider the extent to which the documents "are derived from or are a necessary corollary of the capacity to attend the relevant [court] proceedings." *Id.* (quotation marks and citation omitted, alteration adopted). Under either approach, if the First Amendment right applies, the moving party must show that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144.

Materials submitted in support of a motion, even when commercially sensitive, are properly considered judicial documents. *See Graczyk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (concluding contracts submitted in support of motion "plainly" were judicial documents); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-CV-2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents . . . ."). This is particularly true when the filed materials are "explicitly referred to, and quoted" by a party, and forms "one of the key grounds" for a party's argument. *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022).

Courts in this district "routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024); *see*

3

*also Gracyzk*, 2020 WL 1435031, at *9 (reasoning that information in contracts "had no bearing on [the] [c]ourt's treatment of [p]laintiff's motion" and involved "sensitive" materials, and therefore "the presumption in favor of public access is low" and outweighed the public interest); *Bernstein*, 814 F.3d at 143 (citing, among other prototypical examples where interests might favor secrecy, cases involving the revelation of "trade secrets").  Although courts can "seal 'business information that might harm a litigant's competitive standing' in the market," the mere "'fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order.'"  *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

   B.  Common law

      1.  Judicial Documents

   The materials at issue in both requests are clearly judicial documents.  Those documents were "placed before the court by the parties" and are "relevant to the performance of the judicial function and useful in the judicial process."  *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (internal quotation marks and citation omitted); *see also Olson*, 29 F.4th at 88–89 (recognizing that materials with a tendency to influence a district court's ruling are properly treated as judicial documents, even if the court ultimately finds their contents "immaterial" to its decision); *Kewazinga Corp. v. Google LLC*, No. 20-CV-1106, 2024 WL 4224792, at *1 (S.D.N.Y. Sept. 18, 2024) (reasoning that "memorandum of law and exhibits in support of [a] motion," *inter alia*, "are judicial documents"); *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441, 2024 WL 2076714, at *2 (E.D.N.Y. May 9, 2024) (denying request to seal language from memorandum in support of motion which, the court explained, was "an important judicial document").

4

2.    Weight of the Presumption

Generally, there is a "very strong presumption in favor of public access" to all judicial documents, *Olson*, 29 F.4th at 88 (quotation marks omitted), particularly those "filed in connection with dispositive motions," *id.* at 90.  The documents sought to be filed under seal here were submitted in support of Plaintiff's Reply Memorandum in Support of her Motion for Class Certification, (*see* Pl.'s Letter), and in support of her Reply Memorandum in Support of her Motion to Exclude Evidence, (*see* Pl.'s Second Letter).  These are non-dispositive motions, and so the presumption falls somewhere short of its "zenith." *See Olson*, 29 F.4th at 90.

The weight of the presumption is substantially lower as to the materials filed supporting Plaintiff's Reply Memorandum in Support of her Motion to Exclude Evidence, as the Court denied the Motion in Lime for failure to adhere to the Court's Individual Rules of Practice, and therefore did not reach any of the legal issues presented in the parties' briefs.  *See Pizzaro v. Sazerac Co.*, No. 23-CV-2751, 2025 WL 2682673, at *11 (S.D.N.Y. Sept. 18, 2025) ("Plaintiffs filed their MILs without submitting pre-motion letters, contravening Section II.A. of the Court's Individual Rules of Practice.  Thus, the Court denies, without prejudice, Plaintiffs' MILs for failure to adhere to those rules." (citation omitted)).

3.    Balance of Interests

Plaintiff seeks leave to file various documents under seal, on the basis that the materials were designated as "Confidential" by Sazerac under a Protective Order as part of the discovery in a similar action before Judge Arun Subramanian.  (*See* Pl.'s Letter at 1–2; Pl.'s Second Letter at 1–2.)  The mere fact that the document was produced subject to the terms of a protective order is insufficient, on its own, to justify sealing.  *See Newsday LLC*, 730 F.3d at 166 ("[T]he facts necessary to show good cause for a protective order applicable to discovery documents that are

not yet implicated in judicial proceedings will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents."); *Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-3687, 2023 WL 6386845, at *5 (S.D.N.Y. Sept. 29, 2023) ("[T]he mere existence of a confidentiality agreement does not demonstrate that sealing is necessary."); *Aberdeen City Council v. Bloomberg, L.P.*, No. 23-MISC-70, 2023 WL 5254757, at *4 (S.D.N.Y. Aug. 16, 2023) ("[T]he fact that the materials have been designated as confidential in [another] Action has no bearing on this Court's decision."); *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19-CV-10104, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) ("Material designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)).

Indeed, the Court determines that Plaintiff has failed to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection," and reminds Plaintiff that "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the [common law right of access] test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *accord United States v. Glob. Bus. Travel Grp., Inc.*, No. 25-CV-215, 2025 WL 1078299, at *2 (S.D.N.Y. Apr. 10, 2025) (same). Plaintiff has simply asserted that "[i]n light of Sazerac's designation of the documents as 'Confidential' under the Protective Order, good cause exists to permit Plaintiff to file these documents under seal." (Pl.'s Letter at 2; *see also* Pl.'s Second Letter at 2 (same).) This is not a sufficient showing.

Nevertheless, the Court recognizes that, if Plaintiff were to make the required particular and specific demonstration of fact, it could be the case that the materials sought to be filed under

seal would be properly redacted.  Accordingly, the Court denies the motion to file these materials under seal without prejudice to renewal.  "Because the common law framework is dispositive of the motion[s] to seal, the Court need not undertake the First Amendment analysis." *In re Tel. Media Grp. Ltd.*, No. 23-MC-215, 2023 WL 5770115, at *6 (S.D.N.Y. Sept. 6, 2023).

<u>II.  Conclusion</u>

For the reasons set forth above, Plaintiff's requests to file under seal are denied.  Plaintiff is directed either to file unredacted copies of the materials on the docket, or to renew the request to seal with more narrowly tailored redactions that satisfy the sealing standard in the Second Circuit and an adequate explanation of the basis for those redactions.

The Court further reminds Plaintiff that, according to the Court's Individual Rules, "Where the motion [filed through the electronic filing method] seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.  Both documents must be electronically filed through the ECF system and related to the motion." *See* Individual Rules of Practice of the Honorable Kenneth M. Karas, IX.  It appears that at least some of the materials that Plaintiff sought to file under seal were not "publicly file[d] . . . with the proposed redactions." *Id.*  (*See, e.g.*, Rebuttal Decl. of A. Lynn Matthews (Dkt. No. 65-2).)

SO ORDERED.

Dated:    February 4, 2026
          White Plains, New York

KENNETH M. KARAS
United States District Judge

7