

**DORSEY**
DORSEY+WHITNEY LLP

CREIGHTON R. MAGID
(202) 442-3555
FAX (202) 315-3852
magid.chip@dorsey.com

March 31, 2026

**VIA ECF**

The Honorable Kenneth M. Karas
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Koonce v. Sazerac Company, Inc.*, Case No. 7:23-cv-04323-KMK

Dear Judge Karas:

We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matter. Per the Court's Individual Rule 11, Sazerac submits this letter requesting the Court's permission to seal certain materials that contain proprietary, commercially sensitive, or trade secret information (the "Documents") being filed by Sazerac in connection with its motion for summary judgment and motions to exclude the testimony of William Robert Ingersoll and Andrea Lynn Matthews.  Sazerac will provide the Court with proposed redactions for each of these filings.

The Documents consist of the following:

- The Declaration of James Restivo and Exhibit A thereto, which are attached as Exhibit I to the Declaration of Elizabeth Rozon Baksh.  They contain proprietary data resulting from consumer surveys that Sazerac commissioned or paid considerable sums to obtain. Disclosure of this information would allow competitors to obtain critical market insights without charge, putting Sazerac at a commercial disadvantage, and would provide competitors with trade secret information regarding consumer insights that would be exploited to launch competitive products or to undermine Sazerac's competitive position.

- Exhibits A and B to the Declaration of Jessica Figueroa (as well as Paragraphs 6 – 8 and 10 – 12 of the Declaration, which discuss Exhibits A and B), which contain proprietary data resulting from consumer surveys that Sazerac commissioned or paid considerable sums to obtain. Disclosure of this information would allow competitors to obtain critical market insights without charge, putting Sazerac at a commercial disadvantage, and would provide competitors with trade



**DORSEY**
DORSEY + WHITNEY LLP

The Hon. Kenneth M. Karas
March 31, 2026
Page 2

secret information regarding consumer insights that would be exploited to launch competitive products or to undermine Sazerac's competitive position.

- Paragraphs 4 through 6 of the Declaration of Lindsay Helo contains commercially sensitive information regarding the number of complaints Sazerac has received regarding Fireball Malt. Disclosure of such information would cause significant competitive harm to Sazerac if disclosed, as it would provide important competitive insights to competitors regarding potential weaknesses in Sazerac's product offerings.

- Paragraphs 9, 13, 15, and 24 of the Declaration of Mark Brown. These paragraphs disclose confidential cost and sales information, as well as strategic concerns. Disclosure of this commercially sensitive information insights that could be exploited to launch competitive products, to price competitive products, and to undermine Sazerac's competitive position. Additionally, disclosure of the strategic concerns would compromise Sazerac's critical customer relationships.

- The Expert Report of David Reibstein, Ph.D., which includes numerous references to the other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Reibstein report.

- The Expert Report of Steven Nowlis, Ph.D., which includes numerous references to the other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Nowlis report.

- The Memorandum of Points and Authorities in Support of Motion for Summary Judgment, which includes numerous references to the other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Memorandum.

- The Statement of Undisputed Material Facts, which includes numerous references to the other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Statement.

- The Memorandum of Points and Authorities in Support of Motion to Exclude Testimony of William Robert Ingersoll, which includes numerous references to the other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Memorandum.

- The Memorandum of Points and Authorities in Support of Motion to Exclude Testimony of Andrea Lynn Matthews, which includes numerous references to the



**DORSEY**
DORSEY+WHITNEY LLP

The Hon. Kenneth M. Karas
March 31, 2026
Page 3

other Documents that are the subject of this request. If the Court would prefer, Sazerac can provide a redacted version of the Memorandum.

The Documents constitute confidential business information that is appropriate to seal because disclosure of their contents could cause Sazerac competitive harm. Confidential sales, pricing, and marketing information warrants protection from disclosure. *See, e.g., IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Internal documents and unpublished drafts that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(G)"); *Vesta Corset Co. v. Carmen Founds., Inc.*, 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999) ("Pricing and marketing information are widely held to be 'confidential business information' that may be subject to a protective order."). It is similarly well established that "[c]onfidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).

Sazerac respectfully requests that the Court permit it to file the above-referenced documents under seal.

Granted.

Respectfully,

So Ordered.

4/1/26

Creighton R. Magid

Cc: All Counsel of Record (by ECF)